UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: Brenda Marie Salazar,　　　　　　　　　　No. 7-08-12538 MA

　　　　　Debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS MATTER came before the Court on the United States Trustee's Motion for Order Imposing Sanctions Against Bankruptcy Petition Preparer Pursuant to 11 U.S.C.§110 ("Motion for Sanctions"). The United States Trustee requests the Court impose sanctions against Pamela Brown, the bankruptcy petition preparer who assisted the Debtor in preparing her petition, statements and schedules in this bankruptcy case. The United States Trustee asserts that Ms. Brown violated 11 U.S.C.110(e)(2)[1] by providing legal advice regarding 1) which property the Debtor could exempt and under what laws, 2) the listing and characterization of Debtor's assets

---

[1] Section 110(e)(2) provides:
　　(A) A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice described in subparagraph (B).
　　(B) The legal advice referred to in subparagraph (A) includes advising the debtor-
　　　　(i) whether-
　　　　　　(I) to file a petition under this title; or
　　　　　　(II) commencing a case under chapter 7, 11, 12, or 13 is appropriate;
　　　　(ii) whether the debtor's debts will be discharged under this title;
　　　　(iii) whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title;
　　　　(iv) concerning -
　　　　　　(I) tax consequences of a case brought under this title; or
　　　　　　(II) the discharge of tax claims;
　　　　(v) whether the debtor may or should promise to repay debts to a creditor or enter into a reaffirmation agreement with a creditor to reaffirm a debt;
　　　　(vi) concerning how to characterize the nature of the debtor's interests in property or the debtor's debts; or
　　　　(vii) concerning bankruptcy procedures or rights.

1

and liabilities and 3) bankruptcy procedures. The UST further asserts that providing legal advice constitutes a fraudulent, unfair or deceptive act within the meaning of 11 U.S.C.§110(i)(1). The United States Trustee requests that the Court impose sanctions in the amount of $2000.00, fines in the amount of $2000.00 and order Ms. Brown to disgorge all of the fees the Debtor paid her in connection with this case.

The Court held a final hearing on April 20, 2009 and took the matter under advisement. After considering the testimony and evidence presented at the hearing, the Court finds that Pamela Brown violated 11U.S.C.§110(e)(2) and will assess fines and order Ms. Brown to disgorge a portion of the fees received in this case.

## **FINDINGS OF FACT**

Based on the evidence and testimony presented at the final hearing, the Court enters the following findings of fact:

1. Pamela Brown is a bankruptcy petition preparer. She is not an attorney licensed to practice law in the state of New Mexico, nor is she a paralegal or legal assistant working under the supervision and control of a licensed attorney.

2. Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 6, 2008 as Case No. 7-08-12538 MA.

3. Ms Brown prepared the documents filed by Debtor in this case, including the Petition for Relief, Schedules A through J, Statement of Financial Affairs, and the Statement of Current Monthly Income and Means Test Calculation ("Form B22A") and the Disclosure of Compensation of Bankruptcy Petition Preparer.

4. Ms. Brown prepared the Declaration and Signature of Non-Attorney Bankruptcy

2

Petition Prepare pursuant to 11 U.S.C.§110. *See* Exhibit 4.

      5. Debtor paid Ms. Brown $200.00 for her services in connection with this case.

      6. Debtor testified that she met with Ms. Brown on three separate occasions. During the these meetings Ms. Brown informed the debtor that she could file a bankruptcy for the debtor, provided the debtor with paperwork to complete regarding the debtors assets and debts, and instructed the debtor where to sign after the petition, statements and schedules were prepared.

      7. Ms. Brown informed the Debtor that she would need to obtain counseling pre-petition and gave the Debtor the telephone number in order to obtain counseling by telephone.

      8. Ms. Brown also told the Debtor to file Chapter 7 and that her debts would be eliminated.

      9. At the hearing the debtor testified with specificity about the information contained on her petition, statements and schedules:

          a. Debtor did not determine the "nature" of her debts identified on the Petition as "consumer"; Ms. Brown made this choice. Debtor testified that she does not know the difference between consumer and non-consumer debts.

          b. Debtor testified that she did not instruct Ms. Brown to type "None" on Schedule A; Ms. Brown completed Schedule A.

          c. Debtor chose the values for the personal property listed on Schedule B except for the last page which identifies other personal property as "accrued wages on the date of filing" with a value listed as "unknown." Debtor testified that Ms. Brown made the determination to list the value as "unknown."

          d. Debtor testified that she did not complete Schedule C or select the box

3

indicating the election of exemptions under 11 U.S.C. §522(b)(3). Ms. Brown completed Schedule C and chose state exemptions for the debtor.

 e. Ms. Brown prepared Schedule F. Debtor testified that she did not know what information to list in each column.

 f. Ms. Brown made the determination to check the box on Schedule G that states that "debtor has no executory contracts or unexpired leases." Debtor testified that she does not know what an executory contract or unexpired lease is.

 g. Ms. Brown prepared Schedule H without instruction from the debtor. Debtor testified that she did not know what the term "codebtor" means.

 h. Ms. Brown prepared the Statement of Financial Affairs without instruction from the debtor. Debtor testified that she did not choose all of the boxes that are checked.

10. Debtor testified that she initialed the box on the right hand side at the top of the first page of Form B22A which states "The presumption does not arise," but does not know what that statement means. Debtor further testified that Ms. Brown checked the box and instructed her to initial the box.

11. Debtor testified that at the final meeting with Ms. Brown before filing her bankruptcy petition, Ms. Brown told her where to sign and/or initial all of the documents.

12. The Debtor paid Ms. Brown's fee with a check. Ms. Brown instructed the debtor where to file the bankruptcy paperwork and the amount of the filing fee.

13. Debtor falls below the median income for a family of the same size in this district.

14. Phyllis Stice, a paralegal who works on bankruptcy matters for an attorney in Albuquerque, New Mexico, testified that it takes approximately 1.5 to 2.0 hours to prepare the

4

paper work to file a bankruptcy for an under-median debtor.

CONCLUSIONS OF LAW

1. Under 11 U.S.C. §110, persons who violate this section or in the preparation of bankruptcy petitions fail to comply with the provisions of this section are subject to the imposition of penalties.[2]

2. A bankruptcy petition preparer is defined as "...a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing[.]"[3]

3. A "document for filing" means "a petition or other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title."[4]

4. Ms. Brown is a bankruptcy petition prepare within the meaning of 11 U.S.C. §110(a)(2).

5. Bankruptcy petition preparers are prohibited from offering legal advice.[5]

6. Legal advice includes advising the debtor 1) whether to commence a case under the Bankruptcy Code; 2) where filing under Chapter 7 or 13 is appropriate; 3) whether the debtor's debts will be discharged in a case under this title; 4) how to characterize the debtor's property

---

[2] See 11 U.S.C. §110 (i) and (j).

[3] 11 U.S.C. §110(a)(1).

[4] 11 U.S.C. §110(a)(2).

[5] 11 U.S.C. §110(e)(2)("A bankruptcy petition prepare may not offer a potential bankruptcy debtor any legal advice...")

5

interests or debts; and 5) about bankruptcy procedures and rights.[6]

7. Ms Brown signed the Debtor' bankruptcy petition as a "Non-Attorney Petition Preparer." By signing as a "Non-Attorney Petition Preparer" Ms. Brown acknowledged under oath that she is subject to the provisions of 11 U.S.C. §110, governing non-attorney bankruptcy petition preparers and thereby subject to the jurisdiction of this Court.

8. Pursuant to 11 U.S.C. §110(i)(1), upon finding that a bankruptcy petition preparer has violated the provisions of this section, or has committed any fraudulent, unfair, or deceptive act, the Court must order the bankruptcy petition preparer to pay the debtors a sanction.[7]

9. A bankruptcy petition preparer's failure to comply with 11 U.S.C. §110(e) by improperly offering the debtor legal advice may result in forfeiture of all fees charges by the bankruptcy petition preparer in connection with the case.[8]

10. Any fee charged by a bankruptcy petition preparer which the Court finds exceeds the

---

[6] 11 U.S.C. §110(e)(2)(B)(i)(I)-(II), (ii),(vi) and (vii).

[7] 11 U.S.C. §110(i)(1) provides:
> If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if any), and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay the debtor-
>     (A) the debtor's actual damages;
>     (B) the greater of-
>     (i) $2,000; or
>     (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and
>     (iii) reasonable attorney's fees and costs in moving for damages under this subsection.

[8] 11 U.S.C. §110(h)(3)(B) provides:
> All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f) or (g).

6

value of services provided must be turned over to the bankruptcy trustee.[9] The Debtors may exempt the funds recovered by the trustee in accordance with 11 U.S.C.§522(b).[10]

11. The Court may also fine a bankruptcy petition preparer up to $500.00 for each violation or failure to comply with subsections (b)-(h) of 11 U.S.C. §110.[11]

12. Ms. Brown gave the Debtor legal advice by 1) determining under which chapter of the Bankruptcy Code to file; 2) advising that the debts would be discharged by the bankruptcy proceeding; 3) determining the classification of each debt; and 4) determining the debtor should take New Mexico exemption and applying them to the Debtor's assets. The actions violated 11 U.S.C. §110(e)(2)(b).[12]

13. Based on the Ms. Salazar's testimony, it is evident that the Debtor did not know what debts should be listed on which schedules nor did she understand which exemptions were available to her or what property to claim exempt.  Ms. Brown completed the schedules and made the elections on Schedule C.  These actions constitute the unauthorized practice of law and

---

[9] 11 U.S.C. §110(h)(3)(A).

[10] 11 U.S.C. §110(h)(3)(C) provides:
> An individual may exempt any funds recovered under this paragraph under section 522(b).

[11] 11 U.S.C. §110(l)(1) provides:
> A bankruptcy petition preparer who fails to comply with any provisions of subsection (b), (c), (d), (e), (f), (g) and (h) may be fined not more than $500 for each such failure.

[12] *In re Gomez*, 259 B.R. 379, 386 (Bankr.D.Colo. 2001) ("[a] petition preparer may not assist a debtor in determining what information should be included on such documents of offer any information or advice as to what the law is or how it applies to the debtor's circumstances. [A] petition preparer is limited by section 110 to copying and typing bankruptcy documents.")

7

violate 11 U.S.C. §110(e)(2)(B).[13]

14. Section 110(h)(3) of the Bankruptcy Code requires the disallowance and immediate turnover of all fees required to be disclosed by a bankruptcy petition preparers pursuant to section (h)(2), if the fees are found to be in excess of the reasonable value of the services. A bankruptcy petition preparer can perform only the modest service of transcribing or typing bankruptcy forms that the debtors alone must prepare without assistance, a reasonable fee for such services should be similar to those that a professional typist or word processor would charge.[14] Ms. Brown charged Debtor $200 to prepare her petition, statements and schedules.

15. The fee charged by Ms. Brown in this bankruptcy case was excessive, and $100 of the fee will be disallowed in accordance with 11 U.S.C. §110(h)(3)(A). Because the Debtor has sufficient New Mexico exemption amounts in excess of those claimed on Schedule C, the disallowed portion of the fee shall be paid over to the Debtor in accordance with 11 U.S.C. §110(h)(3)(C)[15]

16. The instances of giving legal advice to the Debtor subjects Ms. Brwon to a fine of not more that $500.00 for each violation. The Court has discretion to determine the amount of the fine provided that it does not exceed $500 per violation. The Court concludes that a fine in the amount of $200 is appropriate.

---

[13] *In re Agrue*, 2005 WL 3263863, *1-2 (Bankr.W.D.Ky. 2005)("advising clients about exemptions and determining how a client's debts should be classified constitutes the unauthorized practice of law."); *In re Kaitangian*, 218 BR 102, 110 (Bankr.S.D.Cal. 1998)(finding that bankruptcy petition preparer violated section 110 by choosing exemptions.)

[14] *In re Rojero,* 399 B.R. 913, 920 (Bankr.D.N.M. 2008)(citing *In re Bush,* 275 B.R. 69, 84(Bankr.D.Idaho 2002)

[15] *Id. at* 399 B.R. 920.

These findings of fact and conclusions of law are entered in accordance with Rule 7052, Fed.R.Bankr.P. The Court will enter an order consistent with these findings and conclusions.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date Entered on Docket:June 2, 2009

Copies to:

Leonard K Martinez-Metzgar
PO Box 608
Albuquerque, NM 87103-0608

Pamela Brown
Southwest Document Service
2917 Carlisle Blvd. NE, Suite 211
Albuquerque, NM 87110

Brenda Marie Salazar
6219 Calle Vizcaya NW
Albuquerque, NM 87114

Michael J. Caplan, Trustee
827 E Santa Fe Ave
Grants, NM 87020-2458